**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RAFAEL ROMERO, | No. 11-73999 |
| Petitioner, | Agency No. A070-944-135 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Rafael Romero, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Romero did not suffer harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *see also Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is an "extreme concept") (internal quotation marks and citation omitted). Substantial evidence also supports the agency's finding that Romero did not demonstrate a well-founded fear of future persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). We lack jurisdiction to review Romero's unexhausted claim for humanitarian asylum. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Romero's asylum claim fails. We deny Romero's request for judicial notice of generalized conditions in Guatemala. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). We also do not reach Romero's contentions regarding the IJ's adverse credibility findings. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) (review is limited to the grounds on which the BIA relied).

Because Romero failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Romero failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**